YELP INC.
AARON SCHUR (SBN 229566) (aschur@yelp.com)
140 New Montgomery Street
San Francisco, CA 94105
Telephone:    (415) 908-3801
Facsimile:     (415) 908-3833

Attorneys for Defendants
Yelp Inc., Jeremy Stoppelman,
Robert J. Krolik and Geoffrey Donaker


ROBBINS GELLER RUDMAN & DOWD LLP
SHAWN A. WILLIAMS (213113) (shawnw@rgrdlaw.com)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:    (415) 288-4545
Facsimile:     (415) 288-4534
– and –
DARREN J. ROBBINS (168593) (darrenr@rgrdlaw.com)
DAVID C. WALTON (167268) (davew@rgrdlaw.com)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:    (619) 231-1058
Facsimile:     (619) 231-7423

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CURRY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>YELP INC., JEREMY STOPPELMAN, ROBERT J. KROLIK and GEOFFREY DONAKER<br>Defendants. | Case No.  3:14-cv-03547-JST<br><br>**STIPULATION AND [PROPOSED] ORDER TO CONTINUE THE INITIAL CASE MANAGEMENT CONFERENCE, RESET RELATED DEADLINES, AND EXTEND DEFENDANTS' TIME TO RESPOND TO THE COMPLAINT** |

WHEREAS, on August 6, 2014, Plaintiff Joseph Curry filed a putative class action complaint (the "Complaint") in the above-captioned action against defendants Yelp Inc., Jeremy Stoppelman, Robert J. Krolik and Geoffrey Donaker ("Defendants"), for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934;

WHEREAS, on August 25, 2014, Plaintiff Mary Adams also filed a similar putative class action complaint (the "Adams Complaint") in a separate action, Case No. 3:14-cv-03832-EMC, against Defendants, asserting the same or substantially similar violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934;

WHEREAS, the action is subject to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4, which establishes the procedure by which members of the purported class may seek appointment as lead plaintiff ("Lead Plaintiff");

WHEREAS, the PSLRA's procedure requires plaintiff to publish a notice advising putative class members of, amongst other things, the filing of the action within 20 days from the date on which the first complaint is filed ("the Notice"), and sets a deadline for motions to serve as Lead Plaintiff to be filed not later than 60 days after the publication of the Notice and that the Court will consider such motions not later than 90 days after the publication of the notice, 15 U.S.C. §§78u-4(a)(3)(A)(i)-(ii), (B)(i);

WHEREAS, the parties anticipate that one or more motions for Lead Plaintiff will be filed and that the Court will relate and consolidate the above-mentioned cases;

WHEREAS, in the interests of judicial economy and conserving the resources of the parties and the Court, all parties agree that no answer, motion, or other response to the Complaint currently on file should be due until after the Court has appointed one or more Lead Plaintiffs and approved selection of lead counsel to represent the purported class ("Lead Counsel") and Lead Plaintiff and Lead Counsel have had the opportunity to prepare a consolidated complaint and/or to consider whether to proceed on the Complaint currently on file; and

WHEREAS, the parties believe that, in order to avoid the needless waste of the Court's and the parties' resources, it would be prudent to defer the initial case management conference and related deadlines (including ADR deadlines) until a Lead Plaintiff has been appointed, the Lead Plaintiff's selection of Lead Counsel has been approved, the Lead Plaintiff has filed a consolidated complaint, Defendants have had the opportunity to file any motion to dismiss, and the Court has ruled on Defendants' anticipated motion to dismiss.

1    **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** as follows:

2    1.      Defendants shall not be required to move or otherwise respond to the Complaint
3    until a date set after the appointment of a Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B)
4    and after the filing by such Lead Plaintiff of a consolidated complaint.  Pursuant to Local
5    Rule 6-1(a), this paragraph shall be effective upon the filing of this Stipulation with the Court.

6    2.      Following the appointment of Lead Plaintiff, Defendants and counsel for Lead
7    Plaintiff will meet and confer in good faith to establish a schedule for the filing of a consolidated
8    complaint and for Defendants' response thereto.

9    3.      ~~The case management conference presently scheduled in the above captioned~~
10   ~~action for November 12, 2014, along with any associated deadlines under the Federal Rules of~~
11   ~~Civil Procedure and Local Rules (including ADR deadlines), shall be vacated, and reset to a date~~
12   ~~after the Court rules on Defendants' anticipated motion to dismiss the consolidated complaint.~~
13   The case management conference currently scheduled for November 12, 2014, is hereby
14   CONTINUED to April 29, 2015, at 2:00 p.m., Courtroom 9, 19th Floor, 450 Golden Gate
15   Avenue, San Francisco, California.  All deadlines which are normally calculated from the date of
16   the initial case management conference under the Federal Rules of Civil Procedure or Civil Local
17   Rules (including ADR deadlines) are VACATED.   A joint case management statement is due
18   April 17, 2015.  In that statement, the parties shall include in their proposed schedule the
19   reinstatement of those vacated dates.  The parties may move to further continue, or advance, the
20   case management conference, as appropriate, based on the pendency of any motions to
21   consolidate, designate a lead plaintiff, or dismiss a consolidated complaint

22   4.      This Stipulation is entered into without prejudice to any party seeking any interim
23   relief.

24   5.      No party is waiving any rights, claims, or defenses of any kind except as expressly
25   stated herein, and the parties reserve the right to seek further extensions of time as circumstances
26   may warrant.

27   6.      The Parties have not sought any other extensions of time in this action.

28   7.      The Parties do not seek to reset these dates for the purpose of delay, and the

109968998 v4                                         3.                **STIP AND ~~PROPOSED~~ ORDER TO CONTINUE
INITIAL CMC, RESET DEADLINES, AND EXTEND
TIME TO RESPOND – CV14-03547**

proposed new dates will not have an effect on any pre-trial and trial dates as the Court has yet to schedule these dates.

**IT IS SO STIPULATED.**

DATED:  August 29, 2014                    **ROBBINS GELLER RUDMAN & DOWD LLP**

By:      s/ Shawn A. Williams
            Shawn A. Williams

DATED:  August 29, 2014                    **YELP INC.**

By:      s/ Aaron Schur
            Aaron Schur

\* \* \* \* \*

**ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from Aaron Schur.

DATED:  August 29, 2014                    **ROBBINS GELLER RUDMAN & DOWD LLP**

By:      s/ Shawn A. Williams
            Shawn A. Williams

Attorneys for Plaintiff

\* \* \* \* \*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:  September 2, 2014

*IT IS SO ORDERED AS MODIFIED*
Judge Jon S. Tigar

109968998 v4                                   4.        STIP. AND PROPOSED ORDER TO CONTINUE
                                                         INITIAL CMC, RESET DEADLINES, AND EXTEND
                                                         TIME TO RESPOND – CV14-03547