UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CURRY,<br><br>    Plaintiff,<br><br>    v.<br><br>YELP INC., et al.,<br><br>    Defendants. | Case Nos.  14-cv-03547-JST, 14-cv-03832-JST<br><br>**ORDER 1) CONSOLIDATING CASES 2) APPOINTING LEAD PLAINTIFF 3) APPOINTING LEAD COUNSEL**<br><br>Re: ECF Nos. 19, 21 |

## I.   INTRODUCTION

These related cases are both proposed securities class actions brought on behalf of purchasers who acquired Yelp stock between October 29, 2013 and April 3, 2014.  Currently before the Court are two motions, one filed by the City of Miami Fire Fighters' and Police Officers' Retirement Trust (the "Retirement Trust"), ECF No. 21, and one filed by an individual named Dru L. Pio.  ECF No. 19.  Both motions request that the Court consolidate the two cases pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  Both motions also seek to have the party who filed that motion appointed as lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).  Finally, both motions also ask the Court to approve the party who filed that motion's choice of lead counsel under 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.   JURISDICTION

Because this action arises under the Securities Exchange Act of 1934, the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III.   CONSOLIDATION

The two motions filed by potential lead plaintiffs both seek to have cases Nos. 14-cv-03547-JST and 14-cv-03832 consolidated.  "When actions involving a common question of law or

fact are pending before the court, it . . . may order all the actions consolidated." Fed. R. Civ. Pro. 42(a). The "district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California, 877 F.2d 777, 777 (9th Cir. 1989). "In determining whether or not to consolidate cases, the Court should 'weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.'" Zhu v. UCBH Holdings, Inc., 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (quoting Southwest Marine, Inc. v. Triple A Machine Shop, Inc., 720 F. Supp. 805, 806–807 (N.D. Cal. 1989)).

These cases both involve claims brought under the same sections of the Securities Exchange Act of 1934 alleging that the same defendants made materially false and misleading statements regarding the financial condition of Yelp, Inc. Both cases involve the same class period of October 29, 2013 through April 3, 2014. The Court concludes that judicial convenience would best be served by consolidating the two cases.

## IV.  APPOINTMENT OF LEAD PLAINTIFF AND CLASS COUNSEL

### A.  Legal Standard

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that "[n]ot later than 20 days after the date on which the complaint is filed," the plaintiff shall publish a notice alerting members of the purported class of "the pendency of the action, the claims asserted therein, and the purported class period." 15 U.S.C. § 78u-4(3)(a)(i). The notice should also inform potential class members that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(3)(a)(i)(II).

Under the PSLRA, "[t]he 'most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23" of the Federal Rules of Civil Procedure. In re Cavanaugh, 306 F.3d 726, 729 (9th Cir. 2002). After the Court makes its determination of the lead plaintiff, other plaintiffs in the class will be provided with "an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements. Id. at 730. "If, as a result of this

process, the district court determines that the presumptive lead plaintiff does not meet the typicality or adequacy requirement, it then must proceed to determine whether the plaintiff with the next lower stake in the litigation has made a prima facie showing of typicality and adequacy. Id. at 731.

"The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §78u-4(a)(3)(B)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice," and "should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." Cohen v. U.S. Dist. Court for N. Dist. of California, 586 F.3d 703, 711-12 (9th Cir. 2009).

### B.     Analysis

Two motions filed by plaintiffs seeking to be appointed lead counsel are currently before the Court.  ECF Nos. 19, 21.  Both motions were filed on October 6, 2014 and were timely under 15 U.S.C. § 78u-4(3)(a)(i)(II).[1]  Plaintiff Pio's motion was filed first and claimed that Pio "has losses of approximately $181,520.00" resulting from the alleged securities fraud at issue.  ECF No. 19 at 6.  The Retirement Trust filed its motion later that day, stating that it has suffered a loss of "approximately $372,000 in losses as the price of Yelp stock declined."  ECF No. 21 at 5.  On October 9, 2014, after reviewing the Retirement Trust's motion, Plaintiff Pio filed a response acknowledging that the Retirement Trust "has the largest financial interest in the relief sought in the litigation and is, therefore, the presumptive Lead Plaintiff."  ECF No. 26 at 2.  Although Pio did not oppose the Retirement Trust's motion, he stated that he remained "willing and able to serve as Lead Plaintiff" if the Court for any reason did not appoint the Retirement Trust.  Id.

Because the Retirement Trust has come forward within the required time period and has claimed the greatest financial stake in the case, it is the presumptive lead plaintiff.  But the Retirement Trust must also meet the requirements of Federal Rule of Civil Procedure 23.  15

---

[1] The notice in the first-filed action, 14-cv-03547-JST, was published on August 6, 2014. Although 60 days from that date was October 5, 2014, that date was a Sunday. Federal Rule of Civil Procedure 6(a)(1)(C) provides that when computing time, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Therefore, both of the motions filed on Monday, October 6, 2014 were timely.

U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Because 23(a)(1)'s requirement of numerosity and 23(a)(2)'s requirement of commonality both pertain to the class as a whole rather than any particular lead plaintiff, the Court will focus its scrutiny of the presumptive lead plaintiff on the questions of typicality and adequacy.  Cavanaugh, 306 F.3d at 730.

The Retirement Trust has made a sufficient showing that it satisfies the typicality requirement of Rule 23.  Typicality asks whether "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. Pro. 23(a)(3).  The Retirement Trust alleges that it suffered damages resulting from the purchase of Yelp common stock during the class period, like all the members of the purported class.  The Retirement Trust states that it "is not subject to unique defenses and is not aware of any conflicts between its claims and those asserted by the class."  ECF No. 21 at 7.

The Retirement Trust has also demonstrated that it has satisfied the adequacy requirement, which inquires whether "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. Pro. 23(a)(4).  The Retirement Trust's substantial financial stake in the outcome of the litigation and its timely filing of this motion demonstrate that it is both incentivized and capable of vigorously pursuing this litigation.

Because the Court has determined that the Retirement Trust is the most adequate lead plaintiff, the Court will give deference to its selection of lead counsel.  "Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class."  Cavanaugh, 306 F.3d at 739 n. 11.  A district court will only interfere with the lead plaintiff's choice of counsel if that choice "is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff."  Id. at 733.  The Retirement Trust has chosen the firm of Robbins Geller to serve a lead counsel for the class.  This firm has extensive experience in litigating complex securities class actions.  The Court is satisfied that lead plaintiff has made a reasonable choice of class counsel.

## V.     CONCLUSION

For the foregoing reasons:

1) The Court hereby CONSOLIDATES the two above-captioned cases.  The first-filed

4

case, No. 14-cv-03547-JST, shall serve as the lead case. The Clerk shall only file future submissions in that case. No. 14-cv-03832 is ADMINISTRATIVELY CLOSED, and any pending dates, deadlines and case schedules in that case are VACATED.

2) The motion of the Retirement Trust for appointment as lead plaintiff is GRANTED and the motion for the appointment of Robbins Geller as Lead Counsel is GRANTED.

3) The motion of Dru L. Pio for appointment as lead plaintiff is DENIED.

**IT IS SO ORDERED.**

Dated: November 16, 2014

_____
JON S. TIGAR
United States District Judge