UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH CURRY, et al.,

         Plaintiffs,

    v.

YELP INC., et al.,

         Defendants.

Case No.  14-cv-03547-JST

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Re: ECF No. 52

Lead Plaintiff City of Miami Fire Fighters' and Police Officers' Retirement Trust and Plaintiff Joseph Curry (collectively, "Plaintiffs") have filed a motion for leave to file a motion for reconsideration.  ECF No. 52.  The motion argues that this Court's April 21, 2015 order granting Defendants' motion to dismiss the consolidated class action complaint, ECF No. 48, contained several manifest errors justifying reconsideration pursuant to Civil Local Rule 7-9(b)(3).

Rule 7-9(b)(3) states that "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order" can form the basis for a reconsideration motion.  Nonetheless, much of Plaintiffs' motion concerns arguments that were not presented to the Court during its consideration of the motion to dismiss, specifically arguments relating to the Supreme Court's decision in Matrixx Initiatives, Inc. v. Siracusano, ___ U.S. ___, 131 S. Ct. 1309, 1324 (2011).  Plaintiffs did not even cite Matrixx in their opposition.  See ECF No. 39.  Moreover, Matrixx is not a change of law, having been decided in 2011.

Even if Plaintiffs' arguments relating to Matrixx were properly before the Court, however, those arguments would not compel the Court to reconsider its order.  Like the Court's order, Matrixx applies the materiality standard of whether "a *reasonable* investor would have viewed the nondisclosed information as having significantly altered the 'total mix' of information made

United States District Court
Northern District of California

available." <u>Matrixx</u>, 131 S. Ct. 1309, 1321 (2011) (emphasis in original) (citations and quotations omitted); <u>accord</u> ECF No. 48 at 9.  In <u>Matrixx</u>, the defendants had withheld, or failed to disclose, complaints by physicians and users claiming that defendants' over-the-counter cold remedy caused anosmia.  <u>Matrixx</u>, 131 S. Ct. at 1324.  Although defendants were aware of these claims, they did not disclose the existence of the claims or the related litigation to investors.  Id. at 1315.  The defendants argued that this failure to disclose the existence of the complaints was not material because the volume of the complaints was not "statistically significant" and thus did not prove causation.  <u>Id.</u> at 1315.  The Court disagreed, noting "that medical professionals and regulators act on the basis of evidence of causation that is not statistically significant," and therefore "it stands to reason that in certain cases reasonable investors would as well."  <u>Id.</u> at 1321.

Plaintiffs' motion alleges the Court's order was in manifest error because it required "a numerical threshold or a critical mass of facts to allege material falsity," ECF No. 52 at 6, an approach the <u>Matrixx</u> Court rejected.  But the Court's order did not hold that the complaints had to be statistically significant before Yelp was required to disclose the existence of the complaints.  Instead, the Court concluded that the Yelp Defendants had not concealed the existence of the complaints, because they had acknowledged in their Registration Statement that "[n]egative publicity could adversely affect our reputation and brand," specifically noting previous media reports of allegations that Yelp "manipulates [] reviews, rankings and ratings in favor of our advertisers and against non-advertisers," ECF No. 35-1 at 16, and that "various businesses have sued us alleging that we manipulate Yelp reviews in order to coerce them and other businesses to pay for Yelp advertising (one such suit was voluntarily dismissed and two others were conciliated and recently dismissed with prejudice, although the plaintiffs are seeking an appeal)."  <u>Id.</u> at 12.  Accordingly, the disclosure of the existence of the FTC complaints did not significantly alter the total mix of available information available to reasonable investors, because, unlike the <u>Matrixx</u> defendants, defendants here had already informed investors of the existence of such complaints and even of the pending litigation concerning the complaints.

The Court's order allowed that Yelp's disclosure of the existence of the complaints coupled with Yelp's continued denial of the allegations contained in the complaints could have

been shown to be materially false if the complaints had been so corroborative or numerous as to indicate that Yelp's previous denials were likely to have been false.  Id. at 14-16.  But the Court examined the disclosed complaints, as presented by Plaintiffs, and concluded that nothing revealed in those complaints altered the total mix of information available to investors, to whom Yelp had already disclosed the existence of similar allegations.  Id.  This is not inconsistent with Matrixx, because Matrixx did not concern a defendant's acknowledgement of customer complaints and denial of their veracity, but rather involved a defendant's failure to disclose the existence of customer complaints to investors.

Plaintiffs' motion for leave to file a motion for reconsideration is denied.

IT IS SO ORDERED.

Dated:  May 12, 2015

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California